IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 94-02176 ACK 01 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREG YEE CHAN aka Git Yee Chan, | ) |
| | ) |
| Defendant. | ) |
| ———————————————————— | ) |

## ORDER GRANTING MOTION TO COMPEL PLAINTIFF UNITED STATES TO CONTINUE TO ENFORCE THE COURT'S RESTITUTION ORDER

For the following reasons, the Court hereby GRANTS Mid-Pacific Electric, Inc.'s Motion for Order Compelling Plaintiff United States of America to Continue to Enforce the Court's Restitution Order Until the Expiration of the Statutory Period.

### BACKGROUND

On April 13, 1995, Defendant Greg Yee Chan pleaded guilty to counts 1, 2, and 10 through 45 of an indictment charging him with numerous counts arising out of his involvement in an illegal gambling business and bank fraud. (Doc. No. 129.) On September 26, 1995, this Court sentenced Defendant to thirty-six months of imprisonment, and ordered that he pay a special assessment in the amount of $1,900.00 and restitution in the amount of $358,410.00 to Mid-Pac Electric, Inc. (Doc. No. 305 (Mot.), Ex. A.) Defendant self-surrendered on October 25, 1995 and began serving his prison sentence. (Id., Ex. B.) He was

released from imprisonment on June 1, 1998.[1/] (Gvt.'s Supp. at 1.)

On September 18, 1998, the United States of America (the "Government") filed a Notice of Lien for Fine Imposed Pursuant to the Sentencing Reform Act of 1984 with the State of Hawaii Bureau of Conveyances for the special assessment in the amount of $1,900.00 and the restitution in the amount of $358,410.00. (Id., Ex. C.) The Notice of Lien provided: "[w]ith respect to the lien listed above, this Notice shall operate as a certificate of release pursuant to 18 U.S.C. § 3613(b) on September 26, 2015." (Id. at 2.) The lien release date was therefore exactly twenty years from the date judgment was entered against Defendant. Since his sentencing, Defendant has apparently made "sporadic payments" towards his restitution; however, he still owes a balance of $304,215.00 to Mid-Pac. (Mot. at 2.)

On August 28, 2015, Mid-Pac filed the instant Motion for Order Compelling Plaintiff United States of America to Continue to Enforce the Court's Restitution Order on Behalf of Crime Victim and Restitution Payee Mid-Pac Electric, Inc. Until the Expiration of the Statutory Period. (Doc. No. 305.) The Court thereafter set a briefing schedule pursuant to which the

---

[1/] On September 15, 2015, the Court directed the Government to provide the Court with Defendant's date of release. (Doc. No. 309.) The Government timely did so on September 17, 2015. (Doc. No. 310.)

Government filed its Joinder in Mid-Pac's Motion on September 4, 2015. (Doc. No. 307.) The Court elects to decide the instant Motion without a hearing pursuant to District of Hawaii Local Rule 7.2(d).

### DISCUSSION

In the instant Motion, Mid-Pac seeks an order directing the Government to file a corrected lien with the State of Hawaii Bureau of Conveyances to reflect a lien release period of twenty years from Defendant's date of release (on June 1, 1998), or a lien release date of June 1, 2018. (Mot. at 5.) Through its joinder, the Government concurs with Mid-Pac's request. (Doc. No. 307.)

At the time Defendant was sentenced, the law governing restitution orders was the Victim and Witness Protection Act of 1982 ("VWPA"). 18 U.S.C. § 3579-3580, as amended 18 U.S.C. § 3663-3664. The VWPA provided that the Government could enforce restitution orders through a lien for twenty years after the entry of the judgment. Id. On April 24, 1996, however, the Mandatory Victim's Restitution Act of 1996 ("MVRA") was enacted as part of the Anti-Terrorism and Effective Death Penalty Act of 1996. Pub. L. No. 104-132, Apr. 24, 1996. The MVRA made several procedural and substantive changes to the VWPA. As is relevant here, the MVRA amended the time period for the Government to enforce restitution orders through liens, providing that the

3

twenty-year period now runs either from the date the judgment was entered or the date the Defendant was released from imprisonment, whichever is later.[2] 18 U.S.C. § 3613(b).

Generally under Ninth Circuit law, the substantive provisions of the MVRA are subject to the *ex post facto* clause of the United States Constitution, and may not be applied retroactively to offenses committed prior to the MVRA's enactment. See Art. I, § 9, cl. 3; United States v. Grice, 319 F.3d 1174, 1177 (9th Cir. 2003); United States v. Baggett, 125 F.3d 1319, 1322-23 (9th Cir. 1997). To fall within the *ex post facto* prohibition, a law must be retrospective (or apply to events occurring before its enactment), and must disadvantage the offender by altering the definition of criminal conduct or increasing the punishment for the crime. Lynce v. Mathis, 519 U.S. 433 (1997). Thus, under the *ex post facto* clause, the substantive provisions of the MVRA, such as those providing for the amount of restitution that may be imposed against a defendant, may not be applied retroactively. Baggett, 125 F.3d at 1322-23. The MVRA may be applied retroactively, however, to the extent it only modifies pre-existing procedural (rather than substantive) provisions. Id. at 1323; see also United States v.

---

[2] The full text of the amended provision reads: "The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."

4

Hawkins, 392 F. Supp. 2d 757, 758 n.2 (W.D. Va. 2005) (noting
that certain enforcement provisions in the MVRA "are not
detrimental to the defendant and thus can be applied without fear
of violating her constitutional rights.").

Here, the MVRA provision at issue is procedural, rather
than substantive, and may therefore be applied retroactively to
Defendant without violating the *ex post facto* clause.
Specifically, retroactive application of section 3613(b) of the
MVRA, setting forth the time period during which the Government
may enforce a restitution judgment through a lien, would not
alter the definition of the criminal conduct for which Defendant
was convicted, nor would it act to increase the restitution award
imposed as punishment for that conduct. See Stogner v.
California, 539 U.S. 607, 612-14 (2003) (discussing those types
of provisions that violate the *ex post facto* clause). Rather, it
would simply change a procedural rule governing the enforcement
of the original punishment.

The Government filed the restitution lien against
Defendant in the instant case on September 15, 1998. As discussed
above, the lien stated that its enforcement period would run for
twenty years from the date of judgment. At the time the lien was
filed, however, the new enforcement provisions of the MVRA had
already taken effect to modify the enforcement period to the
later of twenty years from the date of judgment or twenty years

after the defendant's release from imprisonment. Because, as discussed above, this provision of the MVRA may be applied retroactively, the appropriate enforcement period of the restitution lien should therefore run twenty years from the date Defendant was released from imprisonment (as that date, June 1, 1998, is later than the date judgment was entered against him). See 18 U.S.C. § 3613(b). The Court therefore GRANTS Mid-Pac's Motion and the Government's Joinder to that Motion, and directs the Government to file a corrected lien with the State of Hawaii Bureau of Conveyances to reflect the current lien release period of twenty years from June 1, 1998, the date of Defendant's release from imprisonment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Mid-Pacific Electric, Inc.'s Motion for Order Compelling Plaintiff United States of America to Continue to Enforce the Court's Restitution Order Until the Expiration of the Statutory Period. The Court hereby directs the Government to file no later than September 25, 2015 a corrected lien with the State of Hawaii Bureau of Conveyances to reflect a lien release period of twenty years from Defendant's date of release (on June 1, 1998), or a lien release date of June 1, 2018.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 18, 2015



_____
Alan C. Kay
Senior United States District Judge

USA v. Chan, Cr. No. 94-02176 ACK 01, Order Granting Motion to Compel
Plaintiff United States to Continue to Enforce the Court's Restitution order.